IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MKEC ENGINEERING, INC.,**  )<br>**f/k/a MKEC ENGINEERING**  )<br>**CONSULTANTS, INC.,**  )<br>                                                )<br>         **Plaintiff,**                    )<br>                                                )<br>**v.**                                         )<br>                                                )<br>**PARSONS BRINCKHERHOFF, INC.,**  )<br>                                                )<br>         **Defendant.**                )<br>_____ ) | Case No. 14-1151-CM |

## MEMORANDUM AND ORDER

Plaintiff MKEC Engineering, Inc. brought this breach of contract action in state court. Defendant removed the case to federal court and raised a "prior material breach" counterclaim against plaintiff. Plaintiff filed a motion to dismiss (Doc. 7), arguing that defendant's counterclaim does not meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). In *Twombly*, the Supreme Court set forth the new standard for pleadings, stating that although "heightened fact pleading of specifics" was not necessary, the pleadings should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The pleading should include "more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008)). The court does not make a determination on whether the party will prevail; rather, the issue is whether the party—in this case, defendant—is permitted to offer evidence to support its claims. *Id*.

The facts supporting defendant's counterclaim are not abundant. Indeed, defendant fails to offer detailed, specific instances (including dates) of when and how plaintiff breached the contracts between the parties. But defendant does allege that plaintiff failed to provide work in a timely manner and that plaintiff's work failed to meet standards contained in the contracts. Defendant identified the contracts involved (the subcontracts between the parties); the provisions allegedly violated; and some of the specific breaches (for example, failing to adopt and follow a QA/QC Plan).

The court acknowledges that more specific information would be helpful in identifying the scope of defendant's counterclaim. But defendant's allegations are not so threadbare that the court believes dismissal pursuant to *Twombly* is appropriate. Defendant has stated a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Dismiss (Doc. 7) is denied.

Dated this   12th   day of September, 2014, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**